UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

MARY LOPEZ,

        Plaintiff,

   - versus -

JET BLUE AIRWAYS,

        Defendant.

ORDER  
12-CV-0057

JOHN GLEESON, United States District Judge:

  Plaintiff Mary Lopez, appearing *pro se*, files this *in forma pauperis* action asserting that Jet Blue Airways ("JetBlue") violated her rights by failing to provide adequate wheelchair assistance when she flew from New York to Puerto Rico on July 3, 2009. For the reasons discussed below, the complaint is dismissed with prejudice.

BACKGROUND

  According to Lopez's complaint and attached exhibits, Lopez was scheduled to travel from New York, New York, to Aguadilla, Puerto Rico, on July 3, 2009 on a JetBlue flight. Compl. Ex. 1. While she was at the airport, JetBlue failed to timely provide her with a wheelchair, which caused Lopez physical and psychological injury. Compl. at 2. Reading her complaint broadly, Lopez asserts that JetBlue's actions violated her rights under the Air Carrier Access Act of 1986, 49 U.S.C. § 41705, and its regulations, 14 C.F.R. § 382.95.

DISCUSSION

  Under 28 U.S.C. § 1915(e)(2)(B), a district court has an independent obligation to review a complaint filed *in forma pauperis* and must dismiss the complaint *sua sponte* if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief." When an *in forma pauperis* action is *res judicata*, it fails to state a claim upon which relief may be granted and thus § 1915(e)(2)(B) compels its dismissal. *See Cieszkowska v. Gray Line New York*, 295 F.3d 204 (2d Cir. 2002). Because I find that the instant action is barred by the doctrine of *res judicata*, I dismiss the complaint.

"Under the doctrine of *res judicata*, once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose." *Cieszkowska*, 295 F.3d at 205 (quoting *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997)) (internal quotation marks omitted) (alterations in original); *accord Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000). In other words, later actions will be *res judicata* and subject to dismissal if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284-85 (2d Cir. 2000)) (internal quotation marks omitted) (alterations in original).

The same facts Lopez alleges in the complaint before me form the basis for a prior complaint she filed against the same defendant, JetBlue, on April 6, 2010 in this Court. *See Lopez v. Jet Blue Airways*, 10 Civ. 1552, Dkt. Entry 1. She thus could have, and did, raise her Air Carrier Access Act claims in that complaint, and I dismissed that action on the merits for failure to state a claim upon which relief may be granted. *See Lopez v. Jet Blue Airways*, No. 10 Civ. 1552, 2010 WL 3311428 (E.D.N.Y. 2010), *aff'd*, 662 F.3d 593 (2d Cir. 2011). The doctrine

of *res judicata* thus squarely bars this action, and I dismiss the complaint pursuant to § 1915(e)(2)(B).

## CONCLUSION

For the reasons provided herein, the complaint is dismissed with prejudice. Lopez is cautioned not to file additional duplicative actions.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: January 24, 2012
 Brooklyn, New York